## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) NO. 13 B 08868 |
| NABIL Z. ABADEER, | ) |
| | ) |
| | ) Chapter 11 |
| Debtor | ) |
| | ) |
| | ) Honorable Judge Carol A. Doyle |
| | ) |

### NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on January 14, 2015 at 10:00 a.m., the undersigned will appear before the Honorable Judge Carol A. Doyle at the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Room 742, Chicago, Illinois and will then and there present the attached **MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST BANK OF AMERICA, N.A. AND THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE C.W.A.L.T INC., ALTERNATIVE LOAN TRUST 2006-OA19, MORTGAGE PASS-THROUGH CERTIFCATES, SERIES 2006-OA19 FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION AS TO 2415 COMSTOCK COURT, NAPERVILLE, ILLINOIS** at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, upon the above parties listed on the attached service list via the method stated on the attached service list on January 5, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   S/PAUL M. BACH, OF COUNSEL
SULAIMAN LAW GROUP, LTD.
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6209530

1

Service List

**Nabil Z Abadeer**　　　　　　　　　　　　　**BY FIRST CLASS US MAIL**
1111 Tiara Court
Naperville, IL 60564

**Patrick S Layng**　　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604

**Ross T Brand**
**Michael N Burke**　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
Fisher & Shapiro LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015

**Pierce & Associates**　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
One North Dearborn, Suite 1300
Chicago, IL 60602

**Peter C Bastianen**　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
**Jessica Naples**　　　　　　　　　　　　　　**& FIRST CLASS US MAIL**
Codilis and Associates
15W030 N. Frontage Rd., Suite 100
Burr Ridge, IL 60527

**John Charles Crees**　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
**Meredith S. Fox**
Kluever & Platt LLC
65 East Wacker Place, Suite 2300
Chicago, IL 60601

**Terri M Long**　　　　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
Law Office of Terri M. Long
2056 Ridge Road
Homewood, IL 60430

**Barbara Q. Reynolds**　　　　　　　　　　　**BY ECF ELECTRONIC DELIVERY**
DuPage County State's Attorney's Office
503 N. County Farm Road
Wheaton, Illinois 60187

| | |
|---|---|
| **Bank of America, N.A.**<br>Bankruptcy Department<br>Mail Code CA6-919-01-23<br>400 National Way<br>Simi Valley, CA 93065 | **BY FIRST CLASS US MAIL** |
| **Bank of America, N.A.**<br>P.O. Box 660933<br>Dallas, TX 75266-0933 | **BY FIRST CLASS US MAIL** |
| **Brian T. Moynihan, President and CEO**<br>Bank of America, N.A.<br>Bank of America Corporate Center<br>100 North Tryon Street<br>Charlotte, NC 28255 | **BY CERTIFIED MAIL RETURN RECEIPT REQUESTED** |
| **Gerald Hassell, Chairman and CEO**<br>Bank of New York Mellon, N.A.<br>One Wall Street<br>New York, New York 10286 | **BY CERTIFIED MAIL RETURN RECEIPT REQUESTED** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 13 B 08868 |
| NABIL Z. ABADEER, ) | |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | Honorable Judge Carol A. Doyle |
| ) | |

**MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST BANK OF AMERICA, N.A. AND THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE C.W.A.L.T INC., ALTERNATIVE LOAN TRUST 2006-OA19, MORTGAGE PASS-THROUGH CERTIFCATES, SERIES 2006-OA19 FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION AS TO 2415 COMSTOCK COURT, NAPERVILLE, ILLINOIS**

NOW COMES the Reorganized Debtor, NABIL Z ABADEER("Reorganized Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach, of Sulaiman Law Group, Ltd, and moves this Court pursuant to Sections 105, 524, 1141 and 1142 of the United States Bankruptcy Code that this Court enforce the confirmation order against Bank of America, N.A. and The Bank Of New York Mellon FKA The Bank of New York, As Trustee For the Certificate Holders Of The C.W.A.L.T Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass-Through Certificates, Series 2006-OA19 to impose sanctions and damages (actual and punitive including attorney fees) and in support thereof represents to the Court as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 11 case under Title 11.

2.     This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtor consents to the entry of a final order by the Bankruptcy Judge.

3.     Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

### PARTIES

4.     The Reorganized Debtor is a natural person residing at 1111 Tiara Court, Naperville, Illinois 60564.

5.     Upon information and belief, at all times relevant to this action, Bank of America, N.A. and is a National Bank ("BOA") engaged as a national mortgage servicer debt collection firm with a principal office located in Charlotte, North Carolina.

6.     Upon information and belief, at all times relevant to this action, The Bank Of New York Mellon FKA The Bank of New York, As Trustee For the Certificate Holders Of The C.W.A.L.T Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass-Through Certificates, Series 2006-OA19 was a National Bank ("BONY") engaged as a national mortgage servicer debt collection firm with a principal office located in New York, New York.

7.     Upon information and belief, Bank of America, N.A. and The Bank Of New York Mellon FKA The Bank of New York, As Trustee For the Certificate Holders Of The C.W.A.L.T Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass-Through Certificates, Series 2006-OA19 are the business of collecting mortgage debts in the state of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

8.     On March 6, 2013, the Reorganized Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") under Case Number 13 B 8868 ("the bankruptcy filing").

9.      On or about July 31, 2006, the Reorganized Debtor executed a Adjustable Rate Note for the real property, commonly known as 2415 Comstock Court, Naperville, Illinois (the "real estate"). The Note was titled "Adjustable Rate Note and a copy of this document is an Exhibit to Exhibit C which is described below. The mortgage was titled as Mortgage and a copy of this document is an Exhibit to Exhibit C described below.

10.     This Adjustable Rate Note and Mortgage were related to the real estate and the lender on the Adjustable Rate Note and Mortgage was Chicago Bancorp, Inc..

11.     Prior to March 6, 2013, (the date the Petition was filed) Chicago Bankcorp, Inc. transferred and/or assigned the Adjustable Rate Note and Mortgage to Bank of America, N.A. and The Bank Of New York Mellon FKA The Bank of New York, As Trustee For the Certificate Holders Of The C.W.A.L.T Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass-Through Certificates, Series 2006-OA19 ("BONY").

12.     The Reorganized Debtor defaulted on the Adjustable Rate Note prior to the Bankruptcy Case being filed and foreclosure proceedings were commenced thereafter in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois (Case Number 11 CH 608 on February 1, 2011).

13.     The Reorganized Debtor named BOA as Servicer as one of his creditors in the bankruptcy filing. *See* attached Exhibit A, a true and correct copy of Reorganized Debtor's Schedule D from his bankruptcy filing.

14.     On March 10, 2013, the Bankruptcy Noticing Center (BNC) served all creditors listed in Reorganized Debtor' bankruptcy petition, including but not limited to JPMorgan Chase Bank, N.A.. *See* Exhibit B, a true and correct copy of the March 11, 2013 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines.

15. On April 12, 2013, BOA for BONY filed Proof of Claim 20 in Northern District of Illinois Case Number 13 B 8868 claiming a total amount due of $788,861.76 and arrears of $201,772.56. *See* Exhibit C a true and correct copy of Proof of Claim 5.

16. On January 14, 2014, the Reorganized Debtor filed a Second Amended Plan of Reorganization and a Second Amended Disclosure Statement (Docket Entry 190 & 191). *See* Exhibit D, a true and correct copy of the Second Amended Chapter 11 Plan and Second Disclosure Statement with attachments as served on Creditors as described below.

17. The Reorganized Debtor' Plan of Reorganization contained the following provisions in Section 3.3, Class Two J:

> <u>CLASS 2 J-The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate holders of the C.W.A.L.T. Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass Through Certificates, Series 2006-OA19 (hereafter called "The Bank of New York Mellon") as to 2415 Comstock Court, Naperville, Illinois 60564.</u> The Bank of New York Mellon asserts in its Proof of Claim (Number 20) that it holds a perfected first mortgage on the real estate commonly known as 2415 Comstock Court, Naperville, Illinois 60564 in the amount of $788,861.76. The fair market value of 2415 Comstock Court, Naperville, Illinois 60564 is $527,500.00. Consequently, any alleged claim by Fargo Bank is split into a secured claim of $527,500.00 and an unsecured non priority claim $261,361.76. The secured claim is dealt with in this Class 2 J and the unsecured claim is in Class 4. The secured claim of The Bank of New York Mellon in the amount of $527,500 plus 5.25 percent interest shall be paid as follows:
>
> The secured claim of the Bank of New York Mellon in the amount of $527,500.00 shall be combined recast and restructured (the "The Bank of New York Mellon Restructured Promissory Note"). The Bank of New York Mellon Restructured Promissory Note shall be in the amount of $527,500.00 at the rate of 5.50% for thirty years. The Debtor will pay The Bank of New York Mellon in the amount $2,995.09 payable on the 15th of the month until paid in full (thirty years) beginning the month following the effective date. The Bank of New York Mellon Restructured Promissory Note may be prepaid without penalty. Once The Bank of New York Mellon's secured claim has been paid, in full, The Bank of New York Mellon shall cause the security interests to be released and any other loan documentation, to be cancelled and surrendered as satisfied. The Bank of New York secured claim is impaired under the Plan.
>
> The Debtor will also pay the amount of $354.92 per month for a period of 24-months for a total sum of $8,518.08 in order to reimburse Bank of New York Mellon. for payment of post-petition tax disbursements.

7

18.     In essence, as to BONY and/or BOA the Reorganized Debtor's Plan of Reorganization required post petition payments in the amount of $2,995.09 beginning in May, 2014 (Plan of Reorganization was confirmed on March 4, 2014 as described below and the Plan provisions stated payments were to start the month following the effective date which was 30 days after Plan Confirmation).

19.     On January 21, 2013, the Reorganized Debtor filed a Certificate of Service of Class Two J Ballots with attachments which was served on January 21, 2013. *See* Exhibit E, a true and correct copy of the Certificate of Service, Class 2 J Ballot for Accepting or Rejecting Debtor's Plan of Reorganization et al. and the Reorganized Debtor' Plan and Disclosure Statement with attachments and Plan Amendments.

20.     On February 6, 2013, Attorney Peter C. Bastianen, filed a Class Two J Ballot on behalf of BONY which it voted in favor and accepted the Plan of Reorganization. Exhibit F, a true and correct copy of the Ballot of BONY in favor of the Reorganized Debtor's Second Amended Plan of Reorganization (Docket Entry 220).

21.     On March 4, 2014, the Court held a Confirmation Hearing on the Reorganized Plan of Reorganization. Thereafter, Judge Carol A. Doyle confirmed the Reorganized Debtor's Plan of Reorganization and approved a Plan Amendment which related to Class 2 J in that the due date from the monthly payment was moved from the 15th of the month to the 1st of month. The Court set March 26, 2014 as the Post Petition Status. *See* Exhibit G, a true and correct copy of the Order Confirming Plan and Plan Amendment (Docket Entry 228 & 231).

22.     On May 1, 2014, the Court entered a Final Decree. The Court thereafter administratively closed the Bankruptcy Case. *See* Exhibit H, a true and correct copy of the Final Decree (Docket Entry 246).

23.　At some point, the mortgage loan was evidently transferred to BONY and/or BOA.

24.　The real estate taxes for the real estate for 2013 due in 2014 were $14,913.48 for a payment of $1,242.79 per month. *See* Exhibit I, a true and correct copy of a printout from the Will County Treasurer showing the real estate taxes due in 2014 for the Real Estate.

25.　The insurance for the real estate for 2014 was a total of $2,370.00 for a payment of $197.50 per month.

26.　That the statements generated by BOA for BONY for payments beginning in Mary, 2014 showed a payment which was not correct based on the confirmed plan of $7,328.22. Of the $7,228.22 the principal and interest amount was $2,995.09 which was correct based on the Confirmed Plan. However, $4,333.13 was charged for escrow on each statement. The Debtor concedes that approximately $1,242.79 for real estate taxes, approximately $197.50 for insurance and $354.92 is back escrow allowed by the Confirmed Plan for at total month escrow $1,795.21. This amount is less than half of the amount charged from escrow by BOA on behalf of BONY.

27.　The Debtor believes that the additional amount is an attempt by BOA on behalf of BONY to recover additional amounts not allowed by the Confirmed Plan.

28.　On June 16, 2014, BOA on behalf of BONY sent a Statement to the Reorganized Debtor. *See* Exhibit J, a true and correct copy of the June 16, 2014 Statement.

29.　On September 16, 2014, BOA on behalf of BONY sent a Statement to the Reorganized Debtor. *See* Exhibit K, a true and correct copy of the September 16, 2014 Statement.

30.　On October 16, 2014, BOA on behalf of BONY sent a Statement to the Reorganized Debtor. *See* Exhibit L, a true and correct copy of the October 16, 2014 Statement.

9

31.     On November 12, 2014, BOA on behalf of BONY sent the Reorganized Debtors a Notice of Intent to Accelerate.  *See* attached Exhibit M, a true and correct copy of Notice of Intent to Accelerate.

32.     On November 17, 2014, BOA on behalf of BONY sent a Statement to the Reorganized Debtor.  *See* Exhibit N, a true and correct copy of the November 12, 2014 Statement.  Many fees charged by BOA on behalf of BONY were credited according this Statement indicating that improper charges were acknowledged.

33.     On November 17, 2014, BOA on behalf of BONY sent the Reorganized Debtor an Important Message about your Home Loan and included an Escrow Account Review lowering the Escrow to $2,792.23.  *See* Exhibit O, a true and correct copy of the Important Notice about your Home Loan.  The Escrow Account Review included items were still a violation of the Confirmed Plan including but not limited to:   a) Charging Monthly Private Mortgage Insurance; b) Not adjusting the overcharged escrow from May, 2014 through December 2014; c) Additional Charges which are not apparent.

*34.*     On December 12, 2014, BOA on behalf of BONY past due notice to the Reorganized Debtor.  *See* attached Exhibit P, a true and correct copy of the Late Notice.

35.     On December 16, 2014, BOA on behalf of BONY sent a Statement to the Reorganized Debtor.  *See* Exhibit J, a true and correct copy of the December 16, 2014 Statement.

### The Problem and the Requested Relief

36.     Since Plan Confirmation BOA on behalf of BONY has behaved as if the federal bankruptcy laws to do not apply to them in regards to the Reorganized Debtor's Escrow Account. BOA, on behalf of BONY, has attempted to collect and enforce a part of the old pre-bankruptcy mortgage through the escrow as if they had never been modified.  This is additionally enhanced

by the fact that BOA and/or BONY hired a bankruptcy attorney negotiated and then voted in favor of the plan of reorganization. BOA and/or BONY is bound by the Confirmed Plan.

37. The Reorganized Debtor respectfully asks this Court for the following:

a. Entry of an Order consistent with 11 U.S.C 1142 compelling BOA and/or BONY to realign and modify their loan files and computer records to bring the loan's economic characteristics in line with the modifications to the Mortgage Loan and Escorw made by the Confirmed Plan;

b. Entry of an Order compelling BOA and/or BONY to not charge the amounts referred to in prior paragraphs which are a violation of the Confirmed Plan;

c. Entry of an order compelling BOA and/or BONY to reimburse the Reorganized Debtor for actual (including attorney fees) and punitive damages incurred as a result of the actions of BOA and/or BONYs' failure to comply with the confirmed plan.

43. Judge Cox in *Castle Home Builders, Inc.* (BankcyN.D.Ill case number 11-19428 decided October 21, 2014) stated, "A confirmed chapter 11 plan of reorganization "binds the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor . . . ." See 11 U.S.C. § 1141(a). "Provided that adequate notice and due process are afford to affected parties . . . such orders bind the parties so affected until such time as the orders are altered or amended by the issuing court, overturned on appeal or otherwise abrogated." *In re Morrow*, 495 B.R. 378, 388 (Bankr. N.D. Ill. 2013). A creditor that fails to object to plan provisions during the confirmation process cannot later challenge its terms. *In re UAL, Corp.*, 635 F.3d. 312, 321 (7th Cir. 2011) (citing *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.)* 81 F.3d 1310, 1317 (4th Cir. 1996)), "The confirmation order and discharge injunction are critical

elements of the fresh start that is afforded to Debtor in the Bankruptcy Code. It is essential that creditors respect these court orders and permit Debtor to benefit from the rights and protections which they are entitled." *Turner v. Mellon Mortgage Co. (In re Turner)*, 221 B.R. 920, 924 (Bankr. M.D. Fla. 1998) (quoting *In re Thomas*, 184 B.R. 237 (Bankr. M.D. N.C. 1995)). "Courts have inherent and statutory powers to punish a party that fails to comply with the terms of his orders, and to coerce compliance with such orders." *Baldwin Piano, Inc. v. Deutsche Wurlitzer, GmbH*, No. 03 C 2105, 2004 WL 1323940, at *1 (N.D. Ill. June 15, 2004) (citing *United States v. Dowell*, 257 F.3d 694, 698 (7th Cir. 2001)). The Court is empowered by 11 U.S.C. § 105 to ensure compliance with the terms of its orders.

44. Besides *Castle Home Builders* cited above is not novel and other Seventh Circuit courts have entertained motions identical to the one at bar. Judge Goldgar, for example has adjudicated a motion to enforce a chapter 11 plan and for sanctions where "Wells Fargo Bank continued to bill [reorganized debtor] for the original payment amount [of a mortgage], continues to charge him the original interest rate, continues to assess late charges, and refuses to properly apply his payments to the debt." *In re Frontzak*, 2009 Bankr. Lexis 3817, page 4 (Bankr. N.D. Ill 2009)(finding that "[o]rdinarily Frontzak's argument would have merit "but for a failure to give notice issue.

45. A court "under proper circumstances," can consider awarding costs and attorney's fees for the deliberate attempt at enforcing a pre-petition debt in contravention of the terms of confirmed plan of reorganization. See e.g. *Draggoo Elect. Co.*, 57 B.R. 916, 921 (Bankr. N.D. Ind. 1986)(analogizing such a collection action to an automatic stay violation). Also, Section 105 of the bankruptcy code confers both statutory and inherent authority on bankruptcy courts to

impose sanctions in defense of the policy and principals underlying the Bankruptcy Code. *In Re Dental Profile, Inc.*, 446 B.R. 885, 906 (Bankr. N.D. Ill 2011).

46. Despite complying with 1129(a) of the Bankruptcy Code and gaining support for the Confirmed Plan and making the required plan payments, Reorganized Debtor's right to a reorganization is being trampled. The changes in the Mortgage Loan the Reorganized Debtor seeks to enforce were the result of a negotiated cram-down provision in the Confirmed Plan. These changes were agreed to and negotiated. BOA and/or BONY is in breach of a voluntary contact as well as a court-imposed one. Only this Court using its powers and authorities, is in a position to gain BOA and/or BONYs attention and compel BOA and/or BONY to follow the law and the terms of his own agreed plan treatment.

47. Bankruptcy laws apply to BOA and/or BONY, not just to a Debtor such as the Reorganized Debtor.

WHEREFORE, Debtor, NABIL Z. ABADEER, prays that an order be entered as follows:

A. Entry of an Order consistent with 11 U.S.C 1142 compelling BOA and/or BONY to realign and modify his loan files and computer records to bring the loan's economic characteristics in line with the modifications to such loans made by the confirmed plan and to not charge fees and costs not authorized or allowed by the Confirmed Plan;

B. Entry of an order compelling BOA and/or BONY to reimburse the Reorganized Debtor for actual (including attorney fees) and punitive damages incurred as a result of the actions of BOA and/or BONY failure to comply with the confirmed plan;

  C. For such other and further relief as this Court deems just and proper.

             Respectively Submitted,
             NABIL Z. ABADEER
             By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181