IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | NO. 13 B 08868 |
| NABIL Z. ABADEER, | ) | |
| | ) | |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| | ) | Honorable Judge Carol A. Doyle |
| | ) | |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on January 28, 2015 at 10:30 a.m., the undersigned will appear before the Honorable Judge Carol A. Doyle at the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Room 742, Chicago, Illinois and will then and there present the attached **MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST U.S. BANK NATIONAL ASSOCIATION FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION AS TO 346 WAXWING AVENUE, NAPERVILLE, ILLINOIS 60565** at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, upon the above parties listed on the attached service list via the method stated on the attached service list on January 16, 2015 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   S/PAUL M. BACH, OF COUNSEL
SULAIMAN LAW GROUP, LTD.
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6209530

1

## Service List

| | |
|---|---|
| **Nabil Z Abadeer**<br>1111 Tiara Court<br>Naperville, IL 60564 | **BY FIRST CLASS US MAIL** |
| **Patrick S Layng**<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604 | **BY ECF ELECTRONIC DELIVERY** |
| **Ross T Brand**<br>**Michael N Burke**<br>Fisher & Shapiro LLC<br>2121 Waukegan Road, Suite 301<br>Bannockburn, IL 60015 | **BY ECF ELECTRONIC DELIVERY** |
| **Peter C Bastianen**<br>**Jessica Naples**<br>Codilis and Associates<br>15W030 N. Frontage Rd., Suite 100<br>Burr Ridge, IL 60527 | **BY ECF ELECTRONIC DELIVERY** |
| **John Charles Crees**<br>**Meredith S. Fox**<br>Kluever & Platt LLC<br>65 East Wacker Place, Suite 2300<br>Chicago, IL 60601 | **BY ECF ELECTRONIC DELIVERY** |
| **Terri M Long**<br>Law Office of Terri M. Long<br>2056 Ridge Road<br>Homewood, IL 60430 | **BY ECF ELECTRONIC DELIVERY** |
| **Barbara Q. Reynolds**<br>DuPage County State's Attorney's Office<br>503 N. County Farm Road<br>Wheaton, Illinois 60187 | **BY ECF ELECTRONIC DELIVERY** |
| **U.S. Bank National Association**<br>3121 Michelson Drive #500<br>Irvine, CA 92612 | **BY FIRST CLASS US MAIL** |

| | |
|---|---|
| **U.S. Bank National Association**<br>3121 Michelson Drive #500<br>Irvine, CA 92612 | **BY FIRST CLASS US MAIL** |
| **Richard K. Davis, Chairman, President and CEO**<br>U.S. Bank, N.A.<br>800 Nicollet Mall<br>Minneapolis, MN 55402-4302 | **VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED** |
| **Pierce & Associates**<br>1 North Dearborn Suite 1300<br>Chicago, IL 60602 | **VIA FIRST CLASS US MAIL** |
| **Toni Dillon, Attorney at Law**<br>Pierce & Associates<br>1 North Dearborn, Suite 1300<br>Chicago, Illinois 60602 | **VIA FIRST CLASS MAIL** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 13 B 08868 |
| NABIL Z. ABADEER, ) | |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | Honorable Judge Carol A. Doyle |
| ) | |

## MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST U.S. BANK NATIONAL ASSOCIATION FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION AS TO 346 WAXWING AVENUE, NAPERVILLE, ILLINOIS 60565

NOW COMES the Reorganized Debtor, NABIL Z ABADEER("Reorganized Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach, of Sulaiman Law Group, Ltd, and moves this Court pursuant to Sections 105, 524, 1141 and 1142 of the United States Bankruptcy Code that this Court enforce the confirmation order against U.S. Bank National Association to impose sanctions and damages (actual and punitive including attorney fees) as to 346 Waxwing Avenue, Naperville, Illinois and in support thereof represents to the Court as follows:

### JURISDICTION AND VENUE

1.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 11 case under Title 11.

2. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtor consents to the entry of a final order by the Bankruptcy Judge.

3. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

### PARTIES

4. The Reorganized Debtor is a natural person residing at 1111 Tiara Court, Naperville, Illinois 60564.

5. Upon information and belief, at all times relevant to this action, U.S. Bank National Association is a National Bank ("US BANK") engaged as a national mortgage servicer debt collection firm with a principal office located in Minneapolis, Minnesota.

6. Upon information and belief, U.S. Bank National Association is in the business of collecting mortgage debts in the State of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

7. On March 6, 2013, the Reorganized Debtor filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") under Case Number 13 B 8868 ("the bankruptcy filing").

8. On or about August 5, 2005, the Reorganized Debtor executed a Adjustable Rate Note for the real property, commonly known as 346 Waxwing Avenue, Naperville, Illinois 60565 (the "real estate"). The Note was titled "Adjustable Rate Note and a copy of this document is an Exhibit to Exhibit C which is described below. The mortgage was titled as Mortgage and a copy of this document is an Exhibit to Exhibit C described below.

9. This Adjustable Rate Note and Mortgage were related to the real estate and the lender on the Adjustable Rate Note and Mortgage was Downey Savings and Loan Association, F.A.

10.  Prior to March 6, 2013, (the date the Petition was filed) Downey Savings and Loan Association transferred and/or assigned the Adjustable Rate Note and Mortgage to U.S. Bank National Association ("US Bank").

11.  The Reorganized Debtor defaulted on the Adjustable Rate Note prior to the Bankruptcy Case being filed and foreclosure proceedings were commenced thereafter in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois (Case Number 12 CH 613 on February 8, 2012).

12.  The Reorganized Debtor named US Bank as one of his creditors in the bankruptcy filing. *See* attached Exhibit A, a true and correct copy of Reorganized Debtor's Schedule A & D from his bankruptcy filing.

13.  On March 10, 2013, the Bankruptcy Noticing Center (BNC) served all creditors listed in Reorganized Debtor' bankruptcy petition, including but not limited to US Bank. *See* Exhibit B, a true and correct copy of the March 11, 2013 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines.

14.  On April 16, 2013, US Bank filed Proof of Claim 9 in Northern District of Illinois Case Number 13 B 8868 claiming a total amount due of $219,863.87 and arrears of $48,223.31. *See* Exhibit C a true and correct copy of Proof of Claim 9.

15.  On January 14, 2014, the Reorganized Debtor filed a Second Amended Plan of Reorganization and a Second Amended Disclosure Statement (Docket Entry 190 & 191). *See* Exhibit D, a true and correct copy of the Second Amended Chapter 11 Plan and Second Disclosure Statement with attachments as served on Creditors as described below.

16.  The Reorganized Debtor' Plan of Reorganization contained the following provisions in Section 3.3, Class Two K:

6

<u>CLASS 2 K- U.S. Bank National Association (hereinafter called "346 Waxwing Avenue") as to 346 Waxwing Avenue, Naperville, Illinois 60565.</u> U.S. Bank National Association asserts in its Proof of Claim (Number 9) that it holds a perfected first mortgage on the real estate commonly known as 346 Waxwing Avenue, Naperville, Illinois 60565 in the amount of $219,863.87. The fair market value of 346 Waxwing Avenue, Naperville Illinois 60565 is $220,000.00. Consequently, any alleged claim by Fargo Bank is a secured claim of $219,863.87. The secured claim is dealt with in this Class 2 K. The secured claim of U.S. Bank National Association in the amount of $219,863.87 plus 5.00 percent interest shall be paid as follows:

The secured claim of U.S. Bank National Association in the amount of $219,863.87 shall be combined recast and restructured (the "U.S. Bank National Association Restructured Promissory Note"). The U.S. Bank National Association Restructured Promissory Note shall be in the amount of $219,863.87 at the rate of 5.00% for thirty years. The Debtor will pay U.S. Bank National Association in the amount $1,180.28 payable on the 15th of the month until paid in full (thirty years) beginning the month following the effective date. The payment of $1,180.28 is a payment for principal and interest only. An additional amount for escrow which is not included in the principal and interest payment may be assessed and changed from time to time as required under law. The U.S. Bank National Association Restructured Promissory Note may be prepaid without penalty. Once U.S. Bank National Association's secured claim has been paid, in full, U.S. Bank National Association shall cause the security interests to be released and any other loan documentation, to be cancelled and surrendered as satisfied. U.S. Bank National Association's secured claim is impaired under the Plan.

17. In essence, as to US Bank the Reorganized Debtor's Plan of Reorganization required post petition payments in the amount of $1,180.28 beginning in May, 2014 (Plan of Reorganization was confirmed on March 4, 2014 as described below and the Plan provisions stated payments were to start the month following the effective date which was 30 days after Plan Confirmation).

18. On January 21, 2013, the Reorganized Debtor filed a Certificate of Service of Class Two K Ballots with attachments which was served on January 21, 2013. *See* Exhibit E, a true and correct copy of the Certificate of Service, Class 2 K Ballot for Accepting or Rejecting Debtor's Plan of Reorganization et al. and the Reorganized Debtor' Plan and Disclosure Statement with attachments and Plan Amendments.

19. On March 4, 2014, the Court held a Confirmation Hearing on the Reorganized Plan of Reorganization. Thereafter, Judge Carol A. Doyle confirmed the Reorganized Debtor's Plan of

Reorganization. The Court set March 26, 2014 as the Post Petition Status. *See* Exhibit F, a true and correct copy of the Order Confirming Plan (Docket Entry 231).

20. On May 1, 2014, the Court entered a Final Decree. The Court thereafter administratively closed the Bankruptcy Case. *See* Exhibit G, a true and correct copy of the Final Decree (Docket Entry 246).

21. That the statements generated by US Bank for payments beginning in May, 2014 showed a payment which was not correct based on the confirmed plan of $1,644.60 and/or $1,616.40. Of the $1,644.60 and/or $1,616.40, the principal and interest amount was $1,079.82 and/or 1,051.66, which was incorrect but less than the amount in the Confirmed Plan ($1,180.28). However, Confirmed Plan modified the Mortgage Loan by taking the arrearage and amortizing that amount over thirty years from the effective date of the Confirmed Plan. Therefore the interest rate, principal amount and the listing of a past due amount, unpaid late fees and other fees are incorrect as shown on Statements issued since the effective date of the Confirmed Plan.

22. The Debtor believes that the continued effort to collect the Past Due Amount and other fees are an attempt by US Bank to recover additional amounts not allowed by the Confirmed Plan.

23. On August 14, 2014, US Bank sent a Statement to the Reorganized Debtor. *See* Exhibit H, a true and correct copy of the August 14, 2014 Statement.

24. On September 16, 2014, US Bank sent a Statement to the Reorganized Debtor. *See* Exhibit I, a true and correct copy of the September 16, 2014 Statement.

25. On October 16, 2014, US Bank sent a Statement to the Reorganized Debtor. *See* Exhibit J, a true and correct copy of the October 16, 2014 Statement.

26. On November 17, 2014, US Bank sent a Statement to the Reorganized Debtor. *See* Exhibit K, a true and correct copy of the November 17, 2014 Statement.

27. On November 16, 2014, US Bank sent a Statement to the Reorganized Debtor. *See* Exhibit L, a true and correct copy of the November 16, 2014 Statement.

28. The Statements (Exhibits H, I, J, K & L and hereafter called "Statements") included items were still a violation of the Confirmed Plan including but not limited to: a) Continuing to accrue and attempt to collect the Past Due Amount immediately instead of as provided for by the Confirmed Plan; b) Not adjusting the Past Due Amount and other charges based on the Confirmed Plan; c) Additional Charges which are not apparent.

### THE PROBLEM AND THE REQUESTED RELIEF

29. Since Plan Confirmation US Bank has behaved as if the federal bankruptcy laws to do not apply to them in regards to the Reorganized Debtor's Mortgage Account. US Bank has attempted to collect and enforce a part of the old pre-bankruptcy mortgage as if the Mortgage Loan had never been modified. This is additionally enhanced by the fact that US Bank hired a bankruptcy attorney negotiated and agreed to the Confirmed Plan. US Bank is bound by the Confirmed Plan.

30. The Reorganized Debtor respectfully asks this Court for the following:

    a. Entry of an Order consistent with 11 U.S.C 1142 compelling US Bank to realign and modify their loan files and computer records to bring the loan's economic characteristics in line with the modifications to the Mortgage Loan made by the Confirmed Plan;

    b. Entry of an Order compelling US Bank to not charge the amounts referred to in prior paragraphs which are a violation of the Confirmed Plan;

    c.    Entry of an order compelling US Bank to reimburse the Reorganized Debtor for actual (including attorney fees) and punitive damages incurred as a result of the actions of US Bank's failure to comply with the confirmed plan.

43.    Judge Cox in *Castle Home Builders, Inc.* (BankcyN.D.Ill case number 11-19428 decided October 21, 2014) stated, "A confirmed chapter 11 plan of reorganization "binds the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor . . . ." See 11 U.S.C. § 1141(a). "Provided that adequate notice and due process are afford to affected parties . . . such orders bind the parties so affected until such time as the orders are altered or amended by the issuing court, overturned on appeal or otherwise abrogated." *In re Morrow*, 495 B.R. 378, 388 (Bankr. N.D. Ill. 2013). A creditor that fails to object to plan provisions during the confirmation process cannot later challenge its terms. *In re UAL, Corp.*, 635 F.3d. 312, 321 (7th Cir. 2011) (citing *First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.)* 81 F.3d 1310, 1317 (4th Cir. 1996)), "The confirmation order and discharge injunction are critical elements of the fresh start that is afforded to Debtor in the Bankruptcy Code. It is essential that creditors respect these court orders and permit Debtor to benefit from the rights and protections which they are entitled." *Turner v. Mellon Mortgage Co. (In re Turner),* 221 B.R. 920, 924 (Bankr. M.D. Fla. 1998) (quoting *In re Thomas*, 184 B.R. 237 (Bankr. M.D. N.C. 1995)). "Courts have inherent and statutory powers to punish a party that fails to comply with the terms of his orders, and to coerce compliance with such orders." *Baldwin Piano, Inc. v. Deutsche Wurlitzer, GmbH, No.* 03 C 2105, 2004 WL 1323940, at *1 (N.D. Ill. June 15, 2004) (citing *United States v. Dowell*, 257 F.3d 694, 698 (7th Cir. 2001)). The Court is empowered by 11 U.S.C. § 105 to ensure compliance with the terms of its orders.

44. Besides *Castle Home Builders* cited above is not novel and other Seventh Circuit courts have entertained motions identical to the one at bar. Judge Goldgar, for example has adjudicated a motion to enforce a chapter 11 plan and for sanctions where "Wells Fargo Bank continued to bill [reorganized debtor] for the original payment amount [of a mortgage], continues to charge him the original interest rate, continues to assess late charges, and refuses to properly apply his payments to the debt." *In re Frontzak*, 2009 Bankr. Lexis 3817, page 4 (Bankr. N.D. Ill 2009)(finding that "[o]rdinarily Frontzak's argument would have merit "but for a failure to give notice issue.

45. A court "under proper circumstances," can consider awarding costs and attorney's fees for the deliberate attempt at enforcing a pre-petition debt in contravention of the terms of confirmed plan of reorganization. See e.g. *Draggoo Elect. Co.*, 57 B.R. 916, 921 (Bankr. N.D. Ind. 1986)(analogizing such a collection action to an automatic stay violation). Also, Section 105 of the bankruptcy code confers both statutory and inherent authority on bankruptcy courts to impose sanctions in defense of the policy and principals underlying the Bankruptcy Code. *In Re Dental Profile, Inc.*, 446 B.R. 885, 906 (Bankr. N.D. Ill 2011).

46. Despite complying with 1129(a) of the Bankruptcy Code and gaining support for the Confirmed Plan and making the required plan payments, Reorganized Debtor's right to a reorganization is being trampled. The changes in the Mortgage Loan the Reorganized Debtor seeks to enforce were the result of a negotiated provisionds in the Confirmed Plan. These changes were agreed to and negotiated. US Bank is in breach of a voluntary contact as well as a court-imposed one. Only this Court using its powers and authorities, is in a position to gain US Bank's attention and compel US Bank to follow the law and the terms of its own agreed plan treatment.

47. Bankruptcy laws apply to US Bank, not just to a Debtor such as the Reorganized Debtor.

WHEREFORE, Debtor, NABIL Z. ABADEER, prays that an order be entered as follows:

A. Entry of an Order consistent with 11 U.S.C 1142 compelling US Bank to realign and modify its loan files and computer records to bring the loan's economic characteristics in line with the modifications to such loans made by the confirmed plan and to not charge fees and costs not authorized or allowed by the Confirmed Plan;

B. Entry of an order compelling US Bank to reimburse the Reorganized Debtor for actual (including attorney fees) and punitive damages incurred as a result of the actions of US Bank failure to comply with the confirmed plan;

C. For such other and further relief as this Court deems just and proper.

Respectively Submitted,
NABIL Z. ABADEER
By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
900 Jorie Boulevard Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>NABIL Z. ABADEER<br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   13-8868<br><br>Chapter:  11<br>Honorable Carol A. Doyle |

**ORDER GRANTING DEBTOR'S MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST U.S. BANK NATIONAL ASSOCIATION FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION AS TO 346 WAXWING AVENUE, NAPERVILLE, ILLINOIS 60565**

THIS CAUSE, coming to be heard on the Debtor's MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST U.S. BANK NATIONAL ASSOCIATION FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION AS TO 346 WAXWING AVENUE, NAPERVILLE, ILLINOIS 60565, due notice having been given and the Court being advised in the premises; IT IS HEREBY ORDERED;

1. U.S. BANK NATIONAL ASSOCIATION is compelled and ordered consistent with 11 USC 1142 to realign and modify their loan files and compute records to bring the loan's economic characteristics in line with the modifications to such loans made by the Confirmed Plan and not to charge fees not allowed by the Confirmed Plan.

2. U.S. BANK NATIONAL ASSOCIATION shall pay the Debtors $_____ in compensatory damages for their civil contempt within 14 day from the entry of this order.

3. U.S. BANK NATIONAL ASSOCIATION shall pay the Debtors $_____ in punitive damages for their civil contempt within 14 days from then entry of this order.

4. U.S. BANK NATIONAL ASSOCIATION shall pay the Debtors' attorney fees and costs for their civil contempt in the amount of $_____ within 14 days from the entry of this order.

Enter:

Dated:                                                                United States Bankruptcy Judge

**Prepared by:**
Paul M. Bach ARDC #6209530
Counsel for Debtor
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
(630)575-8181